**Klodjan KORDHA, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–5499–AG NAC.**

United States Court of Appeals, Second Circuit.

Jan. 4, 2006.

Aleksander Milch, New York, New York, for Petitioner.

Colm F. Connolly, United States Attorney, Patricia C. Hannigan, Assistant United States Attorney, Wilmington, Delaware, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of this decision of the

---

1. Pursuant to Federal Rul of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Klodjan Kordha, a national and citizen of Albania, petitions for review of the BIA's October 2004 order denying his claims for asylum and withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). Kordha alleged persecution based on his political activities in Albania. The IJ found Kordha was not credible and, therefore, did not demonstrate eligibility for the relief he sought. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005). The Court reviews the IJ decision where the BIA fully adopts the IJ's decision or issues an "affirmance without opinion." *See, e.g., Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005); *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005).

The IJ found Kordha to be not credible because, unlike his testimony, his initial asylum application did not mention any of the three alleged incidents where he was threatened on account of his activities with the Bali Kombetar Party. In addition, the IJ found Kordha incredible because his brother testified that he was arrested by the police during a February 2001 incident, while Kordha testified he was not arrested, and that his brother probably did not listen to what he had told him about the incident. The IJ's findings, which are based on an accurate characterization of the record, are a proper basis for finding Kordha not credible because the identified incidents are central to his claim of persecution.

Because the IJ found Kordha incredible, he is not able to meet the subjective component of a well-founded fear of persecution. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). Since he failed to meet the lesser standard for asylum, he cannot meet the more exacting standard for withholding of removal. *See id.* at 178.

In his appeal to the BIA, Kordha did not raise the issue of CAT relief. Since Kordha did not exhaust his administrative remedies below, this Court cannot review the CAT claim that he now raises in his petition for review. *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005); *Foster v. INS*, 376 F.3d 75, 77 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).